CORBETT BROS. CO. v. REINHARDT-MEDING CO.

(Circuit Court, D. New Jersey. January 19, 1909.)

1. PATENTS (§ 81*)—EVIDENCE AS TO ORIGINALITY OF INVENTION—BURDEN OF PROOF.

In a suit for infringement of a patent for a design, where it is shown that such design was in use, and articles made in accordance with it were in the market prior to the filing of the application for the patent, the burden rests on the complainant to establish by clear and satisfactory evidence that the patentee's invention preceded the date of such use.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 104; Dec. Dig. § 81.*]

2. PATENTS (§ 328*)—PROOF OF ORIGINAL INVENTION—DESIGN FOR RIBBON.

The Corbett design patent No. 38,581, for a design for a ribbon, *held* void on the ground that the patentee was not the original inventor.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 99; Dec. Dig. § 328.*]

---

In Equity. On final hearing.

Edward Q. Keasbey, for complainant.

Robert W. Hardie, for defendant.

LANNING, District Judge. This is a suit for an injunction to restrain an alleged infringement of design patent No. 38,581, dated May 21, 1907, issued to Edgar M. Corbett, and now owned by the complainant. It is for "a new, original and ornamental design for ribbons." The drawing accompanying the patent shows a ribbon with rows of bowknots extending diagonally across the ribbon. The application for the patent was filed April 17, 1907. Ribbons of the same design were received from Paris and sold by the firm of Corbett, Reinhardt & Co.—a firm of which the patentee was then a member—between July and September, 1906. The defendant company has been selling ribbons of the same design at least since March, 1907.

One of the questions presented by the case is whether, assuming the patentability of the design, Corbett has by satisfactory proof fixed the date of his invention at a time prior to April 17, 1907. That he is bound to do so in order to sustain his patent is clear. Prima facie, the date of his invention is the date of filing his application. The only evidence tending to show that Corbett invented the design before its use by the defendant or the firm of Corbett, Reinhardt & Co. is the uncorroborated evidence of Corbett himself. He says that in the spring of 1906 he had a conversation in New York City with Mr. E. Grau, the Paris agent of the firm of Corbett, Reinhardt & Co. On cross-examination he said:

"To my certain knowledge I gave Mr. Grau the idea myself personally, drawing on a scrap of paper the arrangement of the bowknot, and showing him the particular style of the weave on which I wished it placed. He afterwards sent me a drawing which is the same idea that I gave him in the perfected form. This conversation with Mr. Grau took place in New York. The conversation was between Mr. Grau and myself only."

On redirect examination his testimony on this point was as follows:

"Q. In that conversation with Mr. Grau, did you give him the idea of the particular form and arrangement of the bowknot? A. Yes, as near as I could draw it on paper. Q. Was it the same as produced in the design? A. It was. Q. Was it the same as was produced by him in the completed diagram? A. The arrangement of the bowknots was diagonal and running up and down."

He did not produce Mr. Grau to corroborate his statement, nor did he produce Mr. Grau's drawing. If Corbett invented the design at all, he did it at or before the date of his conversation with Mr. Grau. He does not claim to have made the design known to any one before the date of that conversation. One of the witnesses whose name is subscribed to the drawing which accompanies the patent was George C. Cheney, and the patent attorneys for Corbett were Munn & Co. William P. Goebel, a witness for the defendant, says that he is the chief draftsman in the office of Munn & Co., and that George Cheney, a draftsman in his department, made the drawing for the patent in suit. Presumably it was made about the time of the filing of the application, for Corbett himself says, in rebuttal, that he submitted to his patent attorneys, for use in preparing the drawing for his ap-

plication, a sample of bowknot ribbon made from the design which he had furnished to Mr. Grau. It appears, then, that the drawing of the patent was made about April 17, 1907, not from any oral or written instructions given by Corbett, but from a sample of ribbon that had been in the market at least from the early fall of 1906. Corbett continued a member of the firm of Corbett, Reinhardt & Co. until March 2, 1907, when that firm was dissolved. Just before that date he and others organized the complainant corporation. Six weeks later he filed the application for the patent in suit. While the firm of Corbett, Reinhardt & Co. was in existence he never claimed to be the inventor of the design. After the dissolution of the firm of Corbett, Reinhardt & Co., the defendant corporation was organized, and Reinhardt, one of the members of the former firm of Corbett, Reinhardt & Co., became connected with it. That corporation, as above stated, between the date of its organization and April 17, 1907, also sold ribbons embodying the design which the complainant corporation now claims was the invention of Corbett. In Clark Thread Co. v. Willimantic Linen Co., 140 U. S. 492, 11 Sup. Ct. 846, 35 L. Ed. 521, Mr. Justice Bradley said:

"After Weild's patent was introduced into the case showing with certainty the date of its publication, and such date anterior to the issue of Conant's patent, it was incumbent upon the plaintiffs, in rebuttal, to show, if not with equal certainty, yet to the satisfaction of the court, that Conant's invention preceded that date."

So in this case it may be said that, as it appeared in the case that the design of the patent in suit was in use anterior to the date of the filing of the application for the patent, it was incumbent on the complainant to show, by satisfactory proofs, that Corbett's invention preceded the date of such use. This has not been done. The rule concerning the burden of proof in such cases is well established. Philadelphia & Trenton Railroad Co. v. Stimpson, 14 Pet. 462, 10 L. Ed. 535; McCormick Harvesting Mach. Co. v. Minneapolis Harvester Works (C. C.) 42 Fed. 152; Standard Cartridge Co. v. Peters Cartridge Co., 77 Fed. 646, 23 C. C. A. 367; Bullock Electric Mfg. Co. v. Crocker-Wheeler Co. (C. C.) 141 Fed. 107.

There is no corroborative proof of Corbett's statement by which he attempts to connect his alleged invention in the spring of 1906 with the Cheney drawing of April, 1907. The absence of such proof, and the general indefiniteness of his own testimony, are insufficient to carry the date of his alleged invention back to the spring of 1906, or even to the time when the defendant and the firm of Corbett, Reinhardt & Co. sold ribbons embodying the design. When it becomes necessary for the owner of a patent to carry the date of his invention back to a time anterior to the date of filing the application, he must do so by clear and satisfactory evidence.

The patent cannot be sustained. Without examining any of the other questions presented by the record of the case, the conclusion reached is that the bill of complaint must be dismissed, with costs. A decree to that effect may be drawn.